**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: BANNER HEALTH DATA BREACH LITIGATION | No. CV-16-02696-PHX-SRB<br><br>**ORDER** |

At issue is Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint ("MTD") (Doc. 117).

## I. BACKGROUND

The facts of this case are summarized by a previous Order and are fully incorporated herein. (Doc. 106, Dec. 20, 2017 Order ("Order") at 1–3.) Plaintiffs are divided into four groups: patients, insureds, employees, and other parties who used payment cards at Defendant's facilities ("Patient Plaintiffs," "Insurance Plan Plaintiffs," "Employee Plaintiffs," and "Payment Card Plaintiffs"). (Order at 2.) In June 2016, hackers breached Defendant's servers and networks and acquired Plaintiffs' data, including personally identifying information ("PII"), protected health information ("PHI"), and payment card information ("PCI") (Order at 1.) Plaintiffs sued Defendant in this Court. (*See* Order.) The Court dismissed in part Plaintiffs' Consolidated Amended Class Action Complaint, concluding that Plaintiffs had adequately alleged injury to support standing and adequately pled their claims for unjust enrichment and negligence, but that Plaintiffs had not adequately alleged claims for breaches of contract, implied

covenant of good faith and fair dealing, or implied duty to perform with reasonable care. (*Id.* at 17.) Specifically, the Court found that there was no contract between Employee and Payment Card Plaintiffs and that any agreement to protect the data of Patient and Insurance Plan Plaintiffs was not supported by consideration because of Defendant's preexisting duties under the Health Insurance Portability and Accountability Act ("HIPAA"). (Order at 5–9.) Plaintiffs have since filed an amended complaint alleging claims for breach of implied-in-fact contract and promissory estoppel on behalf of Patient Plaintiffs, Insurance Plan Plaintiffs, and Employee Plaintiffs. (Doc. 114, Second Am. Compl. ("SAC") ¶¶ 353–72.) Defendant now moves to dismiss these new claims. (MTD at 1–2.)

## II. LEGAL STANDARDS AND ANALYSIS

Defendant argues that Plaintiffs' new claims should be dismissed for failure to state a claim. Rule 12(b)(6) dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). In determining whether an asserted claim can be sustained, "[a]ll of the facts alleged in the complaint are presumed true, and the pleadings are construed in the light most favorable to the nonmoving party." *Bates v. Mortg. Elec. Registration Sys., Inc.*, 694 F.3d 1076, 1080 (9th Cir. 2012). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). To proceed, a well-pleaded complaint must include nonconclusory factual content and reasonable inferences derived from the content that plausibly suggest a claim entitling the plaintiff to relief. *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In other words, the complaint must contain enough factual content "to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556.

### A. Breach of Implied-in-Fact Contract

Defendant argues that Plaintiffs failed to sufficiently allege facts to show an implied-in-fact contract term in the existing contracts between Defendant and Plaintiffs. (MTD at 7–11.) A party may prove the existence of an implied-in-fact contract term by circumstantial evidence, but otherwise, an implied contract requires the same elements as an express contract. *Pyeatte v. Pyeatte*, 661 P.2d 196, 203 (Ariz. Ct. App. 1982). Therefore, an implied-in-fact contract must be supported by the following: (1) an offer; (2) an acceptance; (3) consideration; and (4) terms sufficiently specified to ascertain obligations. *Armiros v. Rohr*, 416 P.3d 864, 869–70 (Ariz. Ct. App. 2018) (citation omitted). Relevant circumstantial evidence of an implied-in-fact contract term includes the statements and the conduct of the parties. *See Roberson v. Wal-Mart Stores, Inc.*, 44 P.3d 164, 169 (Ariz. Ct. App. 2002) (discussing employment contracts). Where an express contract already addresses the same subject matter, there can be no implied contract. *Chanay v. Chittenden*, 563 P.2d 287, 290 (Ariz. 1977). Furthermore, under the preexisting duty rule, a party cannot provide consideration by fulfilling a preexisting legal obligation. *Leone v. Precision Plumbing & Heating of S. Arizona, Inc.*, 591 P.2d 1002, 1003–04 (Ariz. Ct. App. 1979); Restatement (Second) of Contracts § 73 (1981). The existence of an implied-in-fact contract is a question of fact. *Castillo v. Seagate Tech., LLC*, No. 16-CV-01958-RS, 2016 WL 9280242, at *8 (N.D. Cal. Sep. 14, 2016). Therefore, a court should only dismiss a contract claim if it is "beyond doubt" that a plaintiff has not pled facts which would warrant relief. *In re Cases Filed by DIRECTV, Inc.*, 344 F. Supp. 2d 647, 650–51 (D. Ariz. 2004).

### i. Patient Plaintiffs and Insurance Plan Plaintiffs

Plaintiffs argue that Defendant agreed to provide reasonable data protection by implied terms in Defendant's contracts with Patient and Insurance Plan Plaintiffs. (*See* SAC ¶ 355; Doc. 124, Pls.' Opp'n in Resp. to MTD ("Resp.") at 12–14.) Without conceding that an agreement exists, Defendant argues that such an agreement would be unenforceable for lack of consideration. (Doc. 130, Def.'s Reply in Supp. of MTD ("Reply") at 12–14.) Specifically, Defendant argues that a promise to protect data as

required by HIPAA would not constitute consideration under the preexisting duty rule. (*Id.* at 14.)

According to Plaintiffs, the preexisting duty rule only requires that a party provide consideration to make the other party's promise enforceable. (Resp. at 14–17.) Plaintiffs argue that because the Patient and Insurance Plan Plaintiffs provided consideration to Defendant, they may enforce Defendant's promises, including an implied promise to protect their PHI as HIPAA requires. (*Id.*) Plaintiffs previously had the opportunity to argue that the preexisting duty rule does not apply to their case when Defendant raised the issue in Defendant's original motion to dismiss Plaintiffs' prior complaint. (Doc. 76, Def.'s Mot. to Dismiss at 7.) They failed to do so. (Doc. 85, Plaintiffs' Resp. in Opp'n to [First] Motion to Dismiss at 10–11 (arguing only that Defendant's promises went beyond what it was required to do by law).) The Court is reluctant to reconsider its position on the application of the preexisting duty rule when Plaintiffs have not satisfactorily explained why they did not raise this argument in response to Defendant's first motion. *United States v. Alexander*, 106 F.3d 874, 877 (9th Cir. 1997) (law of the case requires that courts give deference to their own decisions in the same case).

Furthermore, Plaintiffs' new argument is unpersuasive. Although Plaintiffs' interpretation of the preexisting duty rule is consistent with the Restatement, Arizona courts generally require both parties to provide valid consideration before enforcing a promise. *See* Restatement (Second) of Contracts § 73; *Franchise Holding II, LLC v. Huntington Restaurants Grp., Inc.*, No. CV-12-01363-PHX-DGC, 2012 WL 5381424, at *2–4 (D. Ariz. Nov. 1, 2012) (finding that the promisee failed to state a contract claim because the promisor offered to pay less than promisee was legally owed before the agreement); *Deepwater Divers, Inc. v. Wells Fargo Ins. Servs. USA, Inc.*, No. 1 CA-CV 13-0518, 2015 WL 4020877, at *4 (Ariz. Ct. App. June 30, 2015), as amended (Oct. 5, 2015) (citing *Travelers Ins. Co. v. Breese*, 675 P.2d 1327, 1330 (Ariz. Ct. App. 1983)) (finding that a promisee had no contract claim against a bank that had promised to "exercise reasonable care in procuring an insurance policy" as the law required).

Plaintiffs' new argument is insufficient to persuade the Court to reconsider its previous conclusion—when promising to protect the data of Patient and Insurance Plan Plaintiffs, Defendant would have needed to promise to do more than merely comply with the HIPAA for the agreement to be enforceable.[1] Therefore, the Insurance Plan and Patient Plaintiffs have failed to sufficiently allege a breach of an implied-in-fact contract claim against Defendant for failure to adequately protect their PHI. Accordingly, the Court grants Defendant's motion to dismiss Plaintiffs' implied-in-fact contract claims with respect to these Plaintiffs.

### ii. Employee Plaintiffs

#### a. Implied Promissory Terms

Defendant argues that it did not incorporate an implied commitment to protect the Employee Plaintiffs' data into their employment contracts when it accepted their data. (Order at 6–10.) A court will not lightly expand the scope of an express contract, but it will imply terms where all of the pertinent provisions of the contract and the circumstances of the contract's execution make it clear that the implied contractual term would realize the intention of the parties. *Stern v. Dunlap Co.*, 228 F.2d 939, 942–43 (10th Cir. 1955). A reasonable jury may conclude that a merchant takes on a duty to protect the data that they receive in a transaction by an implied contractual term. *See Anderson v. Hannaford Bros. Co.*, 659 F.3d 151, 159 (1st Cir. 2011). Moreover, courts may presume that a party who provides sensitive information while receiving a job, a good, or a service may expect that the information is reasonably protected. *Castillo*, 2016 WL 9280242, at *9. Because Employee Plaintiffs provided their personal information as

---

[1] Plaintiffs' argument that the individual promise to have reasonable data security needs no additional consideration because the agreement as a whole is supported by consideration similarly fails. A party cannot exchange consideration for a service to which it is already entitled, because the service is not bargained for. *See Carlsen v. GameStop, Inc.*, 112 F. Supp. 3d 855, 862–63 (D. Minn. 2015) (noting that the paying members of an online video game service did not bargain for data protection because they received the same promise of data protection as the nonpaying members); *see also In re LinkedIn User Privacy Litig.*, 932 F. Supp. 2d 1089, 1093 (N.D. Cal. 2013). Here, because all PHI is entitled to protection as required by HIPAA—not just the PHI belonging to people who pay for healthcare or insurance—Patient and Insurance Plan Plaintiffs could not have exchanged consideration for a promise to provide such protection.

a part of their employment agreements with Defendant, Employee Plaintiffs have sufficiently alleged facts to show that Defendant undertook a commitment to protect their data as a part of these agreements. Therefore, Plaintiffs sufficiently allege facts to show that there was an implied-in-fact contract term whereby Defendant would take reasonable security measures to protect Employee Plaintiffs' data.

### b. Breach and Damages

Plaintiffs argue that Defendant breached an implied-in-fact contract by failing to provide adequate data protection, and that Plaintiffs have suffered damage as a consequence of the breach. (MTD at 81–82.) The Court has already concluded that Plaintiffs sufficiently alleged that Defendant failed to provide adequate data protection, and that Plaintiffs consequentially have suffered harm. (Order at 11, 15–17.) Accepting that Plaintiffs have sufficiently alleged the existence of an implied-in-fact contract term to protect Employee Plaintiffs' data, Plaintiffs have sufficiently alleged that Defendant breached the term and that, as a consequence, Employee Plaintiffs have suffered harm. Accordingly, the Court denies Defendant's motion to dismiss Employee Plaintiffs' implied-in-fact contract claim.

### B.   Promissory Estoppel

Plaintiffs argue that Patient Plaintiffs, Insurance Plan Plaintiffs, and Employee Plaintiffs have promissory estoppel claims against Defendant because they foreseeably relied on Defendant's alleged promises to protect their data. (SAC at 82–83.) Defendant argues that Plaintiffs failed to adequately allege promissory estoppel because Defendant made no such promises and because justice does not require its application. (MTD at 11–12.)

For promissory estoppel, Arizona courts use the definition in the Restatement. *In re Bashas' Inc.*, 468 B.R. 381, 383 (D. Ariz. 2012). A party may raise a promissory estoppel claim where: (1) an adverse party makes a promise; (2) by which the adverse party expects or should reasonably expect to induce the promisee's action or forbearance; (3) by which the adverse party actually induces the party's action or forbearance; (4) to

the party's detriment; and (5) where injustice can be avoided only by enforcement of the promise. Restatement (Second) of Contracts § 90(1). A promisee must have had a "justifiable right to rely on the promise." *Double AA Builders, Ltd. v. Grand State Const. L.L.C.*, 114 P.3d 835, 839 (Ariz. Ct. App. 2005) (quoting *Higginbottom v. State*, 51 P.3d 972, 977 (Ariz. Ct. App. 2002)). Where a plaintiff already has adequate remedies against the defendant, a court may dismiss the plaintiff's promissory estoppel claims. *See Gibson v. Resolution Tr. Corp.*, 51 F.3d 1016, 1026 (11th Cir. 1995) (holding that the plaintiff had sufficient alternative remedies such that there was no demonstration of substantial injustice if the plaintiff was denied a promissory estoppel claim).

The Court concluded in its previous Order that Defendant's alleged statements of commitment could arguably be read as a promise to protect Plaintiffs' data as required by law. (Order at 8.) Defendant argues that, even assuming that Plaintiffs meet the remaining elements of a promissory estoppel claim, justice would not bar dismissal because Plaintiffs may recover through other claims that have already survived dismissal. (MTD at 13.) Assuming that all of the other elements of promissory estoppel are met, courts apply the doctrine only if enforcement of the promise is necessary to avoid injustice. *Double AA Builders, Ltd.*, 114 P.3d at 839. The remedy may be limited as justice requires. *Id.* at 838. Plaintiffs' allegations that Defendant breached a promise by illegally mishandling data apply as much to Plaintiffs' negligence per se claim as to their promissory estoppel claim, because both claims hinge on whether Defendant broke the law. (SAC at 71–73.) Promissory estoppel serves no purpose except where alternative remedies would fail to prevent substantial injustice. *See Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.*, 149 Cal. Rptr. 3d 440, 450–52 (2012) (stating that promissory estoppel and contract claims are mutually exclusive); *see Glob. Exec. Mgmt. Sols., Inc. v. Int'l Bus. Machines Corp.*, 260 F. Supp. 3d 1345, 1381 (D. Or. 2017) (stating that promissory estoppel claims do not apply when a contract exists). In addition to Employee Plaintiffs' implied-in-fact contract claim, all Plaintiffs have negligence claims and Arizona Consumer Fraud Act claims. (Order at 12–17.) Defendant promised to protect

Plaintiffs' data in accordance with the laws on which Plaintiffs staked these claims, so if Defendant failed to uphold those promises, Plaintiffs already have remedies. (*See id.*) Accordingly, the Court grants Defendant's motion to dismiss Plaintiffs' promissory estoppel claim because justice does not require application of this equitable doctrine.

### III.   CONCLUSION

The Court grants in part and denies in part Defendant's partial Motion to Dismiss. Plaintiffs have failed to sufficiently allege facts to show that they meet the substantial injustice element of a promissory estoppel claim, so the Court grants the Motion to dismiss this claim. The Court also grants the Motion with respect to the Patient and Insurance Plan Plaintiffs' claim for breach of an implied-in-fact contract because they failed to adequately allege consideration. The Court denies Defendant's Motion with respect to Employee Plaintiffs' implied-in-fact contract claim. These Plaintiffs sufficiently alleged that Defendant created an implied contractual term whereby Defendant would reasonably protect their data.

**IT IS ORDERED** granting in part and denying in part Defendant's Motion to Dismiss (Doc. 117).

Dated this 7th day of August, 2018.

_____
Susan R. Bolton
United States District Judge