Andrew S. Friedman (005425)
William F. King (023941)
**BONNETT FAIRBOURN FRIEDMAN**
   **& BALINT, PC**
2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 274-1100
afriedman@bffb.com
bking@bffb.com

Paul L. Stoller (016773)
**DALIMONTE RUEB STOLLER, LLP**
2425 E. Camelback Road, Suite 500
Phoenix, Arizona 85016
Telephone: (602) 888-2807
paul@drlawllp.com

*Interim Co-Lead Class Counsel*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Banner Health Data Breach Litigation | Case No. 2:16-cv-02696-PHX-SRB |

**DECLARATION OF ANDREW S. FRIEDMAN**

**IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL**

**OF CLASS ACTION SETTLEMENT**

I, Andrew S. Friedman, hereby declare as follows:

1. I, Andrew S. Friedman, am an attorney duly admitted to practice law in the state of Arizona. I am a partner at Bonnett Fairbourn Friedman & Balint, PC. My firm is located in Phoenix, Arizona. I have personal, first-hand knowledge of the matters set forth herein and affirm the documents appended hereto are true, accurate and correct copies.[1]

2. I submit this declaration in support of the proposed class settlement (the "Settlement") reached by the parties in the Consolidated Actions. As discussed below, we attest that the Settlement represents an arm's-length, principled resolution of the litigation. The terms of the proposed Settlement are set forth in the Settlement Agreement attached hereto as Exhibit 1.

3. Eleven lawsuits were filed against Defendant Banner Health ("Banner") in connection with a June 2016 cyberattack and resulting data breach. These cases were consolidated before Judge Susan Bolton in the United States District Court for the District of Arizona in late 2016, and the consolidated case was recaptioned as *In re Banner Health Data Breach Litigation*. [Docs. 19 and 28.] Paul Stoller[2] and I were appointed Interim Co-Lead Class Counsel on November 23, 2016. [Doc. 42.] The Court appointed us as Interim Co-Lead Class Counsel because of our experience in data privacy and consumer class actions.

---

[1] Appended hereto as Composite Exhibit 6 are copies of the following documents: (a) *Oda v. DeMarini Sports, Inc.*, No. 8:15-cv-2131-JLS-JCGx (C.D. Cal. June 6, 2018), Dkt. 157; (b) *In re Experian Data Breach Litig.*, No. 8:15-cv-01592-AG-DFM (C.D. Cal. May 10, 2019), Dkt. 322; (c) *In re The Home Depot, Inc., Customer Data Sec. Breach Litig.*, 1:14-MD-02583-TWT (N.D. Ga. Mar. 7, 2016), Dkt. 181-2; and (d) *In re Premera Blue Cross Customer Data Security Breach Litig.*, Case No. 3:15-md-2633-SI (D. Or. May 30, 2019), Dkt. 273.

[2] Paul Stoller was a partner with Gallagher & Kennedy at the time he was appointed Interim Co-Lead Class Counsel. He remained with Gallagher & Kennedy through March 2019, and joined Dalimonte Rueb Stoller, LLP in April 2019.

1

4. Individually and collectively, Interim Co-Lead Class Counsel along with the Executive Committee are recognized as experts in consumer law and class action litigation and have been appointed class counsel in major consumer class action cases. *See* Exhibit 2 (Firm Resume of Bonnett Fairbourn Friedman & Balint, PC); Exhibit 3 (Firm Resume of Dalimonte Rueb Stoller, LLP); Exhibit 4 (resume of Gibbs Law Group LLP); Exhibit 5 (resume of Hagens Berman Sobol Shapiro LLP). Similarly, the Defendant was also represented by highly qualified and experienced counsel from some of the top law firms in the United States.

5. The Settlement is the product of extensive negotiations between the Parties with the assistance of two experienced and highly regarded mediators, the Honorable Jay C. Gandhi, Retired, and Phoenix, Arizona area mediator Craig Phillips.

6. Bonnett Fairbourn Friedman & Balint, PC and Paul Stoller (initially with Gallagher & Kennedy and now with Dalimonte Rueb Stoller, LLP), acting in our capacity as duly appointed Interim Co-Lead Class Counsel, actively and continuously represented the Settlement Class Members throughout the settlement negotiations.

7. Before agreeing to settle the Consolidated Actions, Plaintiffs, through Interim Co-Lead Class Counsel and our experts, conducted extensive formal and informal discovery and a thorough investigation of the claims, defenses, and underlying events that are the subject of the Consolidated Actions. The investigation included, among other things: (i) review and analysis of the evidence and applicable law, including the review and analysis of documents and data produced by Banner; (ii) consultation with highly-experienced experts retained by Interim Co-Lead Class Counsel; (iii) taking the deposition of one of Banner's 30(b)(6) witnesses and defending the depositions of four of the named Plaintiffs; and (iv) engaging in extensive motion practice, including two rounds of motions to dismiss. In all, Plaintiffs and their proposed Class Counsel have incurred significant costs and risks, have performed extensive work to date in identifying and investigating potential claims in this action, have established the factual basis for the

2

claims sufficient to prepare a detailed consolidated class action complaint, have pursued and reviewed document discovery, have retained and engaged with experts, have successfully overcome two Rule 12(b)(6) dispositive motions, and have negotiated a fundamentally fair and reasonable settlement.

8. In addition to taking the foregoing actions, Interim Co-Lead Class Counsel also engaged in extensive preparation for fully-informed settlement negotiations. Before meeting in person, the Parties participated in numerous pre-mediation meetings and calls and exchanged additional discovery, information and electronic data. In advance of the meditation, the Parties prepared detailed mediation statements addressing liability and damages.

9. The Parties participated in a private mediation session before the Honorable Jay C. Gandhi (Ret.) on December 11, 2018, but did not reach an agreement at that time. Following the in-person mediation session, the Parties continued as part of the ongoing mediation to exchange correspondence and information, and participated in numerous conference calls to negotiate proposed settlement terms. On January 23, 2019, the Parties attended a second mediation with Phoenix-based mediator, Craig Phillips, and again continued settlement negotiations thereafter. As part of these negotiations, Plaintiffs' counsel and cybersecurity expert conducted an interview of Banner's Chief Information Security Officer on April 9, 2019. On August 7, 2019, the parties attended a third mediation session where they reached agreement on all terms of the settlement in principal, including an agreement on the attorneys' fees portion of the settlement. The Parties then devoted substantial efforts to preparation of the necessary Settlement documentation, which thereafter was approved by the Plaintiffs and Banner.

10. The Parties did not commence discussion of attorneys' fees until agreement on all substantive portions of the class resolution had been reached, and both the class portion of the resolution and the fees were negotiated at arms-length under the direction of the mediator.  Under the settlement, Banner has agreed not to contest a combined

3

1  award of $2,900,000 in attorneys' fees and costs. This amount represents an approximate
2  ten to fifteen percent reduction of Plaintiffs' counsel's calculated lodestar.
3        11.    During settlement negotiations, Interim Co-Lead Class Counsel carefully
4  considered and assessed the risks and delays associated with continued protracted
5  litigation. On the whole, Interim Co-Lead Class Counsel carefully balanced the strength
6  of Settlement Class Members' claims and the relevant litigation risks and concluded that
7  the Settlement is an exceptional result because it provides significant and immediate
8  benefits to the Settlement Class.
9        12.    Throughout the mediation process, Interim Co-Lead Class Counsel
10 zealously advanced the Settlement Class Members' positions. Interim Co-Lead Class
11 Counsel were fully prepared to proceed with the litigation rather than accept a settlement
12 that was not in the best interests of the Settlement Class. As a result, the Settlement was
13 reached only after the factual and legal issues were well-defined and fully developed.
14       13.    Interim Co-Lead Class Counsel firmly believe that the Settlement Class
15 Members' claims are factually and legally strong and were well-developed through
16 discovery and expert analysis. Interim Co-Lead Class Counsel therefore negotiated the
17 Settlement from a position of strength. The results achieved by the Settlement reflect
18 these strengths. The Settlement provides actual, significant relief to the approximately 2.9
19 million class members in the form of, among other things, (i) a two-year subscription to a
20 state-of-the-art credit monitoring and identity-protection service, (ii) a comprehensive
21 and straightforward claim process, including reimbursement of Ordinary Expenses of up
22 to $500 per Settlement Class Member and of Extra-Ordinary Expenses of up to $10,000
23 per Settlement Class Member, with an overall cap on reimbursement claims of
24 $6,000,000, and (iii) Banner's multiple, detailed commitments to improving its
25 information security systems, which are fully set out in Exhibit C to the Settlement
26 Agreement.
27
28

14. The Settlement contains no hint of collusion whatsoever and, to the contrary, review of the entire record—including the contentious motion practice—reveals the intensity of the litigation that had come to a logical point of inflection for settlement. There can be no doubt that the Settlement is the result of hard-fought arm's-length bargaining and negotiation.

15. The primary form of direct, individual notice will be via U.S. mail. The required Notices provide all information necessary for Settlement Class Members to make informed decisions regarding whether to remain in or opt-out, or object to the Settlement.

16. Having worked on behalf of the putative class since the Data Breach was first announced, and having dedicated thousands of hours to the case, it is the informed opinion of Interim Co-Lead Class Counsel that, given the uncertainty and expense of pursuing this case through trial, the Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class.

17. Settlement Class Representatives have each reviewed the Settlement with Interim Co-Lead Class Counsel and approved its terms. Settlement Class Representatives all strongly support the Settlement.

18. Accordingly, Plaintiffs and Interim Co-Lead Class Counsel respectfully request that the Court grant preliminary approval of the proposed Settlement in this action.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the above is true and correct.

Executed this 5th day of December, 2019 in Phoenix, Arizona.

*s/ Andrew S. Friedman*