UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re Banner Health Data Breach Litigation | Case No. 2:16-cv-02696-SRB<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL** |

This matter is before the Court on Plaintiffs' motion for preliminary approval of class action settlement. Plaintiffs, individually and on behalf of the proposed settlement class, and Defendant have entered into a Settlement Agreement (the "Settlement") that settles the above-captioned litigation. Having considered the motion, the Settlement Agreement together with all exhibits and attachments thereto, the record, and the briefs,

**IT IS HEREBY ORDERED** as follows:

1. Unless otherwise defined herein, all terms capitalized herein shall the same meaning ascribed to those terms in the Settlement.

2. The Court has jurisdiction over this litigation, Plaintiffs, Defendant, and Settlement Class members, and any party to any agreement that is part of or related to the Settlement.

**PRELIMINARY APPROVAL**

3. On December 5, 2019, Plaintiffs filed their Motion and Memorandum of Law in Support of Plaintiffs' (1) Motion for Preliminary Approval of Class Action Settlement, (2) Preliminary Certification of Settlement Class, and (3) Appointment of Settlement Class

1  Counsel and Class Representatives.

2      4. Based on its review of the foregoing, the Court finds that the Settlement represents the result of over ten months of arm's-length, informed, non-collusive negotiations between Banner and Plaintiffs and their counsel, including three separate mediation settings with two different mediators.

    5. The terms of the Settlement do not improperly grant preferential treatment to any individual or segment of the Settlement Class and fall within the range of possible approval as fair, reasonable, and adequate.

    6. The Court therefore **GRANTS** preliminary approval of the Settlement and all of the terms and conditions contained therein.

## PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

    7. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the Settlement Class defined as follows:

> All persons who were notified by Banner that their personal information may have been compromised as a result of the Security Incident. Excluded from the Settlement Class are the officers and directors of Banner during the Class Period, the Judge presiding over this action and her Honor's courtroom staff, and those entities that timely and validly request exclusion from the Settlement Class.

    8. The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a): (1) the Settlement Class is comprised of approximately 2.9 million individuals; (2) there are questions of law or fact common to the Settlement Class; (3) the Settlement Class Representatives' claims are typical of those of Settlement Class members; and (4) the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class.

    9. The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3): (1) questions of law or fact common to the Settlement Class predominate over individual questions; and (2) class

1 action litigation is superior to other available methods for the fair and efficient adjudication
2 of this controversy.

3       10.    The Court hereby appoints Howard Chen, Betty Clayton, Stacey Halpin, Kim
4 Maryniak, Summer Sadira, and Stan Griep as Settlement Class Representatives.

5       11.    The Court hereby appoints Co-Lead Counsel, Andrew S. Friedman of
6 Bonnett, Fairbourn, Friedman & Balint, P.C., and Paul L. Stoller of Dalimonte Rueb
7 Stoller, LLP, as Co-Lead Counsel for the Settlement Class.

8       12.    The Court hereby appoints the Class Executive Committee, Eric H. Gibbs of
9 Gibbs Law Group LLP and Robert B. Carey of Hagens Berman Sobol Shapiro LLP, as
10 Class Executive Committee Counsel for the Settlement Class.

**NOTICE & ADMINISTRATION**

12       13.    The Court hereby appoints JND Legal Administration to serve as the Claims
13 Administrator to fulfill the duties of the Claims Administrator as set forth in the Settlement.

14       14.    The Court finds that both (1) the double-sided postcard "Notice of Pendency
15 and Proposed Settlement of Class Action," substantially in the form of Exhibit A, as
16 attached to the Settlement, and (2) the Long Form notice, substantially in the form of
17 Exhibit B, as attached the Settlement, satisfy the requirements of due process and Federal
18 Rule of Civil Procedure 23 and provide the best notice practicable under the circumstances.
19 The notices are reasonably calculated to apprise Settlement Class members of the nature
20 of this litigation, the scope of the Settlement Class, the terms of the Settlement, the right of
21 Settlement Class members to object to the Settlement or exclude themselves from the
22 Settlement Class and the process for doing so, and of the Final Approval Hearing.

23       15.    The Court approves the aforementioned notices and directs the parties and
24 the Claims Administrator to proceed with providing notice to Settlement Class members
25 pursuant to the terms of the Settlement and this Order.

26       16.    Under the terms of the Agreement, the Claims Administrator shall
27 disseminate the notices no more than 30 days after receipt of Settlement Class member

information from Defendant and no later than 60 days after entry of the instant Preliminary Approval Order.

**EXCLUSIONS & OBJECTIONS**

17.　In order to validly be excluded from the Settlement, Settlement Class members must send a letter that says he or she wants to be excluded from the Settlement in *In Re: Banner Health Data Breach Litigation*, Case No. 2:16-cv-02696-PHX-SRB, in the United States District Court for the District of Arizona, to the Claims Administrator and include his or her name, address, and signature by the date set by the Court and as outlined in the Notice. If the opt-out is untimely or otherwise fails to comply with any of the provisions for a valid opt-out, it shall not be considered a valid opt-out.

18.　All Settlement Class members who do not opt out and exclude themselves shall be bound by the terms of the Settlement, including the Release as outlined in the Settlement, upon entry of the Final Approval Order and Judgment.

19.　Settlement Class members who wish to comment on or object to the Settlement may do so by submitting a written objection.

20.　To be valid, an objection must state: (a) the objector's full name, address, telephone number, and e-mail address (if any); (b) information identifying the objector as a Settlement Class member; (c) a written statement of all grounds for the objection, accompanied by any legal support the objector cares to submit; (d) the identity of all lawyers (if any) representing the objector; (e) the identity of all of the objector's lawyers (if any) who will appear at the Final Fairness Hearing; (f) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection; (g) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; and (h) the objector's signature or the signature of the objector's duly authorized lawyer or other duly authorized representative (along with documentation setting forth such representation).

21. In addition to the foregoing, objections should also provide the following information: (a) a list, by case name, court, and docket number, of all other cases in which the objector (directly or through a lawyer) has filed an objection to any proposed class action settlement within the last three (3) years; (b) a list, by case name, court, and docket number, of all other cases in which the objector's lawyer (on behalf of any person or entity) has filed an objection to any proposed class action settlement within the last three (3) years; and (c) a list, by case number, court, and docket number, of all other cases in which the objector has been a named plaintiff in any class action or served as a lead plaintiff or class representative.

22. To be considered timely, any valid objection in the appropriate form must be **filed** with the Clerk of the United States District Court for the District of Arizona Sandra Day O'Connor U.S. Courthouse, Suite 522, 401 West Washington Street, SPC 50, Phoenix, AZ 85003-2153, and **mailed** to the following three different places postmarked no later than the date set by the Court and outlined in the Notice:

| COURT | CLASS COUNSEL | BANNER'S COUNSEL |
|---|---|---|
| United States District Court for the District of Arizona Sandra Day O'Connor U.S. Courthouse, Suite 522 401 West Washington Street, SPC 50 Phoenix, AZ 85003-2153 | Andrew S. Friedman William F. King BONNETT FAIRBOURN FRIEDMAN & BALINT, P.C. 2325 E. Camelback Road, Suite 1100 Phoenix, Arizona 85016 | Casie D. Collignon Paul Karlsgodt BAKER & HOSTETLER LLP 1801 California Street Suite 4400 Denver, CO 80202 |

23. Any Settlement Class member who does not timely submit a written objection in accordance with the procedures outlined herein and in the Notice shall be deemed to have waived any objection, shall not be permitted to object to the Settlement,

and shall be precluded from seeking any review of the Settlement and/or the Final Approval Order and Judgment by appeal or other means.

### FINAL APPROVAL HEARING

24. The Court will hold a Final Approval Hearing on **April 21, 2020, at 10:00 a..m.**, in Courtroom 502, 5th Floor, of United States District Court for the District of Arizona, 401 West Washington Street, Phoenix, AZ 85003-2153.

25. At the Final Approval Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the Settlement Class should be finally certified; (c) a final judgment should be entered; (d) Class Counsel's motion for attorneys' fees, costs, and expenses should be granted; and (e) the service payments sought for Settlement Class Representatives should be awarded.

### DEADLINES, INJUNCTIONS, AND TERMINATION

26. All proceedings, deadlines, and discovery in this matter, except those necessary to implement this Order and the Settlement, are hereby stayed and suspended until further order of the Court.

27. In the event that the Settlement is terminated pursuant to the terms of the Settlement (a) the Settlement and this Order shall become void, shall have no further force or effect, and shall not be used in any action or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement; and (c) no term or draft of the Settlement or any part of the parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall (i) be admissible into evidence for any purpose in any action or other proceeding other than as may be necessary to enforce the terms of the Settlement that survive termination, (ii) be deemed an admission or concession by any party regarding the validity of any Released Claim or the propriety of certifying any class against Defendants, or (iii) be deemed an admission or concession by any party regarding

the truth or falsity of any facts alleged in the Action or the availability or lack of availability of any defense to the Released Claims.

28. The dates of performance contained herein may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class.

## SUMMARY OF DEADLINES

29. The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement and this Order include but are not limited to:

| Event | Date |
|---|---|
| Banner to Disseminate Class Notice through Administrator | 30 days after receipt of class member information from Banner; 60 days after entry of the instant Preliminary Approval Order |
| Plaintiffs to File Motion for Final Approval and Award of Fees | 60 days after entry of the instant Preliminary Approval Order |
| Deadline for Class Members to Opt-Out of or Object to Settlement | 60 days after Notice Date |
| Replies in Support of Motions for Final Approval and Award of Fees | 120 days after entry of the instant Preliminary Approval Order |
| Claims Period | 365 days after Notice Date |
| Final Approval Hearing | April 21, 2020 at 10:00 a.m. |

Dated this 11th day of December, 2019.

_____
Susan R. Bolton
United States District Judge

7